# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | |
|---|---|
| STEPHEN and CYNTHIA DILLON, )<br>)<br>Plaintiffs, )<br>)<br>vs. )<br>)<br>CHASE HOME FINANCE, LLC, et al., )<br>)<br>Defendants. ) | Case No. 4:12CV817 HEA |

## OPINION, MEMORANDUM AND ORDER

This matter is before the Court on Defendants Millsap & Singer, P.C., Millsap & Singer, Law Firm, LLC and Millsap & Singer, LLC's (the Millsap Defendants) Motion to Dismiss Counts I, II and IV of the Petitioner's complaint for Failure to State a Claim, [Doc. No. 6]. Plaintiff has responded to the motion, and Defendant has filed a reply. For the reasons set forth below, the Motion is granted.

## Standard for Motion to Dismiss

When ruling on a Federal Rule of Civil Procedure 12(b)(6) motion to dismiss for failure to state a claim, the Court must take as true the alleged facts and determine whether they are sufficient to raise more than a speculative right to relief. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555-56 (2007). The Court does

not, however, accept as true any allegation that is a legal conclusion. *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949-50 (2009). The complaint must have "'a short and plain statement of the claim showing that the [plaintiff] is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Twombly*, 550 U.S. at 555 (quoting Fed.R.Civ.P. 8(a)(2)) and then *Conley v. Gibson*, 355 U.S. 41, 47 (1957), abrogated by *Twombly*, supra); see also *Gregory v. Dillard's Inc.*, 565 F.3d 464, 473 (8th Cir.) (en banc), cert. denied, 130 S.Ct. 628 (2009). While detailed factual allegations are not necessary, a complaint that contains "labels and conclusions," and "a formulaic recitation of the elements of a cause of action" is not sufficient. *Twombly*, 550 U.S. at 555; accord *Iqbal*, 129 S.Ct. at 1949. The complaint must set forth "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570; accord *Iqbal*, 129 S.Ct. at 1949; *Braden v. Wal-Mart Stores, Inc.*, 588 F.3d 585, 594 (8th Cir. 2009). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 129 S.Ct. at 1949. If the claims are only conceivable, not plausible, the complaint must be dismissed. *Twombly*, 550 U.S. at 570; accord *Iqbal*, 129 S.Ct. at 1950. In considering a motion to dismiss under Fed. R. Civ. P. 12(b)(6), "the complaint should be read as

a whole, not parsed piece by piece to determine whether each allegation, in isolation, is plausible." *Braden*, 588 F.3d at 594. The issue in considering such a motion is not whether the plaintiff will ultimately prevail, but whether the plaintiff is entitled to present evidence in support of the claim. See *Neitzke v. Williams*, 490 U.S. 319, 327 (1989). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.' " *Ashcroft v. Iqbal*, --- U.S. ----, 129 S.Ct. 1937, 1949, 173 L.Ed.2d 868 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007)). Thus, "although a complaint need not include detailed factual allegations, 'a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do.' " *C.N. v. Willmar Pub. Sch., Indep. Sch. Dist. No. 347*, 591 F.3d 624, 629-30 (8th Cir.2010) (quoting *Twombly*, 550 U.S. at 555).

## Facts and Background[1]

Defendants move to dismiss this action on the grounds that Plaintiff's Complaint fails to allege sufficient allegations against these defendants to satisfy

---

[1] This recitation of facts is taken from Plaintiff's Complaint for the purposes of this motion only. It in no way relieves the parties of the necessary proof thereof in later proceedings.

the *Twombly* and *Iqbal* standards.

Plaintiffs brought this action against the Millsap Defendants and Chase Home Finance, LLC for declaratory judgment, alleging violations of the Fair Debt Collections Practices Act and for Injunctive Relief seeking to enjoin a foreclosure action on their home by Defendant Chase as alleged holder of the note the security for which was a deed of trust and the Millsap & Singer as trustee. Plaintiffs allege there is no deed of trust in favor of Defendant Chase because of a recorded Assignment of Deed of Trust to JPMC, and Millsap & Singer is not the proper Trustee for the Deed of Trust.

**Discussion**

When ruling on a Federal Rule of Civil Procedure 12(b)(6) motion to dismiss for failure to state a claim, the Court may consider matters of public record, and the consideration of those matters does not convert the motion into one for summary judgment. *Porous Media Corp. V. Pall Corp*, 186 F.3d 1077, 1079 (8th Cir. 1999).

Plaintiff action is premised on the fact that Chase has no interest in the Deed of Trust at issue and Millsap &Singer are not successor-trustee of the Deed of Trust. The public record belies Plaintiffs' position.

On February 23, 2006, Plaintiffs executed the Deed of Trust which listed

Accredited as the lender and naming MERS as beneficiary of the Deed of Trust as nominee for Accredited as well as its successor and assigns. The Deed of Trust was recorded in the Lincoln County Recorder's Office, State of Missouri on March 6, 2006 at Book 1835, Page 109.

Plaintiffs allege that after they executed the Note and Deed of Trust, they were assigned to JPMC, by the Allonge attached to the Note.

ON July 10, 2010, MERS assigned and set over its beneficiary interest in the Deed of Trust to JPMC. This Assignment of Deed of Trust was recorded in the Lincoln County Recorder's Office, State of Missouri on September 6, 2011 at Book 2209, Page 222.

On September 21, 2010, JPMC, pursuant to Paragraph 24 of the Deed of Trust, which allows for the appointment of successor-trustees at its discretion, appointed Millsap & Singer, P.C. as Successor-Trustee to the Deed of Trust. The Appointment of Successor-Trustee is recorded in the Lincoln County Recorder's Office, State of Missouri on September 6, 2011 at Book 2209, Page 224.

In the face of the above public record, Plaintiffs argue that Chase has no Deed of Trust, or any security interest in their home. As support for this bold statement, Plaintiffs claim that there is a split: the Current Note is held by Defendant Chase and the purported Deed of Trust is held by JPMC Specialty

Mortgage, LLC, separate entities.

Defendant's delineation of the event clearly show that JPMC Specialty Mortgage, LLC, whose sole member is JPMorgan Chase Bank, N.A. Holds the Note and the Deed of Trust. Plaintiffs executed the Note and Deed of Trust in favor of Accredited and MERS, as beneficiary of the Deed of Trust as nominee for Accredited as well as its successor and assigns. The Note was later assigned by Accredited to JPMC by an Allonge attached to the note. MERS, by way of Assignment of the Deed of Trust, assigned and set over its beneficial interest in the Deed of Trust to JPMC. JPMC appointed Millsap & Singer successor-trustee of the Deed of Trust. JPMC is the party attempting foreclosure

Plaintiffs argue there has been a split of the Note and Deed of Trust. To the contrary. The MERS Assignment merely assigns the beneficial interest in the Deed of Trust to JPMC, it does not attempt to assign the Note to JPMC, as was the case in *Bellistri v. Ocwen Loan Servicing, LLC*, 284 S.W.3d 619 (MO.App. 2009), the case upon which Plaintiffs rely. This assignment was proper and valid. Likewise, the assignment of the Note was assigned by Accredited to JPMC.

Whether there is a valid Deed of Trust is determined under Missouri law. *Butner v. United States*, 440 U.S. 48, 55 (1979). Under Missouri law, a valid Deed of Trust exists in the instant case.

The issues in this case were discussed in *In re Tucker*, 441 B.R. 638 (Bankr. W.D. Mo 2010). The *Tucker* Court held that, "under Missouri law, one who holds rights under a deed of trust may appoint an agent to exercise some or all of those rights on its behalf." *Id.* at 645. "All that is required is a manifestation of the parties' assent that the agent will act on behalf of the principal and subject to his control. An agency relationship arises where, as here, one party is specifically authorized to act on behalf of another in dealings with third persons." *Id.* (Footnotes omitted).

The same holds true here. The grantee of the beneficial interest in the Deed of Trust was MERS, solely as nominee for Accredited and its successor and assigns. MERS then assigned same to JPMC. The note and the Deed of Trust were not split. Therefore, the Note's current holder, JPMC can enforce the Note and Deed of Trust.

With respect to Plaintiff's Fair Debt Collection Practices Act claim, the Court agrees with Defendant that the Act does not apply. Millsap & Singer, although a law firm, is acting as a trustee under a Deed of Trust, and is not, therefore acting as a debt collector.

"The plain language of the FDCPA supports the . . .conclusion that foreclosing on a security interest is not debt collection activity for purposes of §

1692g. See id. § 1692a(6).  Indeed, the statute specifically says that a person in the business of enforcing security interests is a "debt collector" for the purposes of § 1692f(6), which reasonably suggests that such a person is not a debt collector for purposes of the other sections of the Act." *Warren v. Countrywide Home Loans, Inc.*, 342 F.App'x 458, 460 (11th Cir. 2009).  The other sections of the Act are at issue, and therefore, the actions taken in attempting to enforce the security interest are not subject to the FDCPA.

Moreover, Courts addressing the issue of whether a law firm that serves as a trustee or represents a mortgagee in an non-judicial foreclosure is a debt collector, have resoundingly determined that the answer is no.  See, *e.g., Fouche v. Shapiro & Massey, LLP*, 575 F.Supp.2d 776, 781 (S.D. Miss. 2008).

**Conclusion**

Considering the above analysis, Plaintiffs' Complaint fails to set forth sufficient allegations to state a claim against the Millsap Defendants.  The Court, therefore, concludes that the Motion is well taken.

Accordingly,

**IT IS HEREBY ORDERED** that Defendants Millsap & Singer, P.C., Millsap & Singer, Law Firm, LLC and Millsap & Singer, LLC's  Motion to Dismiss Counts I, II and IV of the Petitioner's complaint for Failure to State a

Claim, [Doc. No. 6], is **GRANTED**.

Dated this 4th day of February, 2014.

_____
HENRY EDWARD AUTREY
UNITED STATES DISTRICT JUDGE